# UNITED STATES COURT OF INTERNATIONAL TRADE

## BEFORE THE HONORABLE JANE A. RESTANI, SENIOR JUDGE

| | |
|---|---|
| SHELTER FOREST INTERNATIONAL ACQUISITION, INC., ET AL. | )<br>) |
|                     Plaintiffs, | )<br>) |
| and | )<br>) |
| IKEA SUPPLY AG, | )<br>) |
|                     Consolidated Plaintiff, | )<br>) |
| and | )<br>) |
| TARACA PACIFIC, INC., LIBERTY WOODS INTERNATIONAL, INC., MJB WOOD GROUP, INC., PATRIOT TIMBER PRODUCTS, INC., SHANGHAI FUTUWOOD TRADING CO., LTD., LINYI GLARY PLYWOOD CO., LTD., FAR EAST AMERICAN, INC., | )<br>)<br>)<br>)<br>)<br>)<br>) |
|                     Plaintiff-Intervenors, | ) Consol. Court. No.<br>) 19-00212 |
| v. | )<br>) |
| UNITED STATES, | )<br>) |
|                     Defendant, | )<br>) |
| and | )<br>) |
| COALITION FOR FAIR TRADE IN HARDWOOD PLYWOOD, | )<br>) |
|                     Defendant-Intervenor. | )<br>) |

**COMMENTS ON FINAL REMAND REDETERMINATION OF PLAINTIFF-INTERVENORS AND CONSOLIDATED PLAINTIFFS TARACA PACIFIC, INC., LIBERTY WOODS INTERNATIONAL, INC., MJB WOOD GROUP, INC. AKA MJB WOOD GROUP, LLC AND PATRIOT TIMBER PRODUCTS, INC.**

Jeffrey S. Grimson  
Jill A. Cramer  
Bryan P. Cenko  
MOWRY & GRIMSON, PLLC  
5335 Wisconsin Ave., NW, Suite 810  
Washington, DC 20015  
202.688.3610 (ph)  
202.595.8968 (fax)  
trade@mowrygrimson.com

June 4, 2021

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ....................................................................................................... i
**TABLE OF AUTHORITIES** ................................................................................................ ii
**INTRODUCTION AND SUMMARY OF THE ARGUMENT** ............................................... 1
**STANDARD OF REVIEW** ................................................................................................... 1
**ARGUMENT** ........................................................................................................................ 2
    I.   Commerce's Negative Anti-circumvention Finding Complies With This Court's Directive And Is Supported By Substantial Evidence ...................................................... 2
    II.  Importers Alliance Incorporates Respondents' Comments in Support of the Final Remand ............................................................................................................................. 5
**CONCLUSION** ..................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

AG der Dillinger Huttenwerke v. United States,
   28 CIT 94, 310 F. Supp. 2d 1347 (2004) ................................................................... 1

NMB Sing. Ltd. v. United States,
   28 CIT 1252 F. Supp. 2d 1327 (2004) ..................................................................... 1

Shelter Forest Int'l Acquisition Inc. v. United States,
   Consol. Ct. No. 19-00212, slip op. 21-19 (Ct. Int'l Trade Feb. 18, 2021) .............. 1, 2

**Statutes**

19 U.S.C. § 1516a ........................................................................................................... 1

**INTRODUCTION AND SUMMARY OF THE ARGUMENT**

Plaintiff-Intervenors and Consolidated Plaintiffs Taraca Pacific, Inc., Liberty Woods International, Inc., MJB Wood Group, Inc. aka MJB Wood Group, LLC and Patriot Timber Products, Inc. (collectively, "Importers Alliance"), submit these comments in response to the remand redetermination filed by the Department of Commerce in <u>Shelter Forest Int'l Acquisition Inc. v. United States</u>, Consol. Ct. No. 19-00212, slip op. 21-19 (Ct. Int'l Trade Feb. 18, 2021), Final Results of Redetermination Pursuant to Ct. Order (May 10, 2021) (Public Document), ECF No. 81 ("Final Remand").[1] In its Final Remand, Commerce correctly reversed its affirmative final determination in the anti-circumvention inquiry and properly found that the "inquiry merchandise was commercially available prior to the initiation of the underlying investigations on December 8, 2016" and is not later-developed merchandise. <u>See</u> Final Remand at 31.

**STANDARD OF REVIEW**

The Court reviews remand determinations for compliance with its remand order. <u>See</u> <u>NMB Sing. Ltd. v. United States</u>, 28 CIT 1252, 1260, 341 F. Supp. 2d 1327, 1334 (2004) (affirming on remand where agency determinations were in accordance with law, supported by substantial evidence and otherwise satisfied the remand order). Any factual findings on remand must be supported by substantial evidence and the agency's legal determinations must be in accordance with law. <u>See</u> 19 U.S.C. § 1516a(b)(1)(B); <u>see also, e.g.</u>, <u>AG der Dillinger Huttenwerke v. United States</u>, 28 CIT 94, 106, 310 F. Supp. 2d 1347, 1358 (2004).

Further, the Court must sustain Commerce's factual determinations so long as they are

---

[1] P.R. refers to public record documents in the administrative record on remand. All references are to public documents.

reasonable and supported by the record as a whole, even if some evidence detracts from the agency's conclusions. See Atl. Sugar, Ltd. v. United States, 744 F.2d 1556, 1562-63 (Fed. Cir. 1984) (citation omitted).

## ARGUMENT

I. **COMMERCE'S NEGATIVE ANTI-CIRCUMVENTION FINDING COMPLIES WITH THIS COURT'S DIRECTIVE AND IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

Commerce's Final Remand complies with this Court's remand instructions and is supported by substantial evidence and otherwise in accordance with law and, therefore, must be sustained.

In its original determination, Commerce found that the following product constituted "later developed merchandise," meaning that it was not commercially available prior to the initiation of the investigation underlying the antidumping/countervailing duty orders:

> {C}ertain hardwood plywood with face and back veneers of radiata and/or agathis pine that (1) has a Toxic Substances Control Act (TSCA) or California Air Resources Board (CARB) certifying that it is compliant with TSCA/CARB requirements; and (2) is made with a resin, the majority of which is comprised of one or more of the following three product types – urea formaldehyde, polyvinyl acetate, and/or soy label.

Final Remand at 1-2. Commerce evaluated the record evidence and concluded that none of the three mandatory respondents or the fourth voluntary respondent demonstrated that the above product was commercially available prior to December 8, 2016, when the underlying antidumping/countervailing duty investigations were initiated. See Shelter Forest, slip op. at 5-6.

After briefing and oral argument, this Court held that Commerce's affirmative anti-circumvention determination was unsupported by substantial evidence, Shelter Forest, slip op. at 10, and directed Commerce to:

(1) "consider whether it may accept evidence, other than labels, that indicates TSCA or CARB product compliance or otherwise explain why evidence of actual labels is required for its assessment." Id. at 11-12.

(2) "explain what evidence it specifically required with regard to the resin formulation used to produce inquiry merchandise and why that evidence is required, identify any deficiencies in respondents' evidence, and, to the extent necessary, provide respondents an opportunity to submit supplemental information." Id. at 13.

(3) "provide Yuantai with the opportunity to correct or explain the {translation} error and either consider the document or explain why the error makes the entire document unreliable." Id. at 14.

(4) "consider Shelter Forest's July 3 submission, notify Shelter Forest of any deficiencies, and provide an opportunity to correct or explain those deficiencies, in accordance with 19 U.S.C. § 1677m(d)." Id. at 21.

(5) not reject IKEA's rebuttal brief and deal with the legal argument presented. See id. at 27.

In the Final Remand, Commerce reconsidered the record evidence in accordance with this Court's opinion, addressing each of the five issues remanded by the Court. Specifically, Commerce complied with this Court's instructions by determining that Shelter Forest sold merchandise that met the three physical characteristics of inquiry merchandise, including glue comprised of majority urea-formaldehyde. See Final Remand at 11, 16. Commerce permitted Shelter Forest to resubmit its July 3 letter. See Letter on Behalf of Shelter Forest to Dep't of Commerce re: Shelter Forest's Resp. to Dep't. Req. (Mar. 8, 2021) (Public Version) (P.R. 6). The letter contained a sworn declaration from Mr. Ryan Loe, the President of Shelter Forest, sales and production documents, and a plywood inspection report evidencing that "E0 glue is 'primarily made from urea-formaldehyde.'" Final Remand at 12. Commerce properly relied on the above-mentioned evidence that established Shelter Forest's resin comprised of majority urea-formaldehyde. See id. at 18. Further, Commerce correctly found that Shelter Forest provided substantial evidence that demonstrated its inquiry merchandise met all three criteria and was commercially sold prior to December 8, 2016. See id. Commerce also appropriately rejected the

3

Coalition for Fair Trade in Hardwood Plywood's unpersuasive concerns regarding Shelter Forest's submissions.  See id. at 20-30.

In compliance with this Court's instructions, Commerce also provided Yuantai with the opportunity to "submit a corrected English translation of its plywood purchase contract."  Final Remand at 16.  Yuantai submitted a revised English translation along with an explanation that the translation errors occurred because of "the translator appl{ying} his outside knowledge" and "some typographical errors."  Letter on Behalf of Yuantai to Dep't of Commerce re: Information Req. Resp. (Mar. 16, 2021) (Public Version) (P.R. 14).  Commerce properly relied on the corrected English translation of Yuantai's purchase contract and concluded that "Yuantai purchased from its plywood supplier pine plywood that was made with a urea-formaldehyde resin."  Final Remand at 17.  Finally, based on its negative anti-circumvention determination, Commerce found that additional supplemental information or analysis of the mandatory respondents was not necessary because "Shelter Forest's plywood sold prior to December 8, 2016, meets all three criteria for inquiry merchandise."  Id. at 18.

The Importers Alliance continues to maintain that all four respondents have sufficiently demonstrated that they sold inquiry merchandise prior to December 8, 2016.  The undeniable commercial availability of inquiry merchandise from even a single respondent, however, negates an affirmative "later developed merchandise" finding under the statute because it is a product-based, rather than a respondent-based investigation.  Therefore, the negative circumvention finding applies to all inquiry merchandise imported from China, regardless of the producer or exporter.  Commerce's sole focus on Shelter Forest is sufficient to answer the legal question presented warranting an overall country-wide negative circumvention finding regardless of Commerce's

4

failure to acknowledge the wealth of evidence demonstrating that the other respondents also demonstrated commercial availability of inquiry merchandise.

In short, Commerce complied with the Court's remand instructions in its Final Remand by determining that "inquiry merchandise was commercially available prior to the initiation of the underlying investigations on December 8, 2016," and "that inquiry merchandise was not later developed and is not circumventing the Orders on plywood from China." Id. at 31.

**II.    IMPORTERS ALLIANCE INCORPORATES RESPONDENTS' COMMENTS IN SUPPORT OF THE FINAL REMAND**

The Importers Alliance supports and incorporates the arguments set forth in other respondents' comments on the Final Remand insofar as they support the negative final anti-circumvention determination issued by Commerce.

## CONCLUSION

For the reasons set forth herein, this Court must sustain Commerce's Final Remand.

Respectfully submitted,

Dated: June 4, 2021

/s/ Jeffrey S. Grimson
Jeffrey S. Grimson
Jill A. Cramer
Bryan P. Cenko
Mowry & Grimson, PLLC
5335 Wisconsin Avenue, NW, Suite 810
Washington, D.C. 20015
202-688-3610
trade@mowrygrimson.com
*Counsel to Taraca Pacific, Inc., Liberty Woods International, Inc., MJB Wood Group, Inc. aka MJB Wood Group, LLC and Patriot Timber Products, Inc.*

# CERTIFICATE OF COMPLIANCE

As required by Paragraph 2 of the Standard Chambers Procedures of the Court of International Trade, I, Jeffrey S. Grimson, hereby certify that this brief complies with the word limitation set forth in Paragraph 2(b) of the Standard Chamber Procedures. Excluding the table of contents, table of authorities, signature block and any certificates of counsel, the word count for this brief is 1,266 words.

Dated: June 4, 2021

/s/ Jeffrey S. Grimson
Jeffrey S. Grimson
Mowry & Grimson, PLLC
5335 Wisconsin Avenue, NW, Suite 810
Washington, D.C. 20015
202-688-3610
trade@mowrygrimson.com
*Counsel Taraca Pacific, Inc., Liberty Woods International, Inc., MJB Wood Group, Inc. aka MJB Wood Group, LLC and Patriot Timber Products, Inc.*